# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### BENTON DIVISION

Stacy Sumner, individually and on behalf of all others similarly situated,

               Plaintiff,

     - against -

The Kroger Co.,

               Defendant

3:22-cv-01950-SPM

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

TABLE OF AUTHORITIES ......................................................................................... iv

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

LEGAL STANDARDS ................................................................................................... 2

ARGUMENT ................................................................................................................... 2

I.      PLAINTIFF'S EXPECTATIONS WERE REASONABLE ................................. 2

        A.      Surrounding Context Supports Expecting Dairy Ingredients ................. 2

        B.      Distinction Between "Cream" and "Creamer" Not Supported .............. 4

II.     PRICE PREMIUM ALLEGATIONS ESTABLISH ECONOMIC INJURY.................... 7

III.    PLAINTIFF HAS STANDING TO PURSUE NON-ILLINOIS CLAIMS ...................... 8

        A.      Premature to Consider if Plaintiff Can Represent the Multi-State Class............... 8

        B.      Multi-State Class has Similar Preferences and Consumer Protection Statutes................... 8

IV.     PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ........................... 9

        A.      Notice Provided in Accordance with Statute .......................................... 9

        B.      "Coffee Creamer" Promised Dairy Ingredients ................................... 10

        C.      Substituting Water and Soybean Oil Meant the Product was Not Merchantable.............. 10

        D.      MMWA Violation Established by Viable Warranty Claims ................ 10

V.      COMMON LAW CLAIMS ARE ADEQUATELY PLED.............................. 11

        A.      Special Relationship Supports Negligent Misrepresentation Claim.................. 11

        B.      The Complaint Exceeds the Particularity Requirements for Fraud ..................... 11

        C.      Unjust Enrichment May be Pled in Alternative ................................... 12

VI.     PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF.............................. 12

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Akers v. Costco Wholesale Corp.*,
No. 21-cv-01098, 2022 WL 4585417 (S.D. Ill. Sept. 29, 2022) ............................................ 10

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................................... 8

*Analytica, Inc. v. NPD Research, Inc.*,
708 F.2d 1263 (7th Cir. 1983) ................................................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................... 2

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................... 2

*Bell v. Publix Super Mkts., Inc.*,
982 F.3d 468 (7th Cir. 2020) ..................................................................................................... 6

*Biffar v. Pinnacle Foods Grp., LLC*,
No. 16-cv-0873, 2016 WL 7429130 (S.D. Ill. Dec. 22, 2016) ............................................ 7, 8

*Bober v. Glaxo Wellcome PLC*,
246 F.3d 934 (7th Cir. 2001) ..................................................................................................... 4

*Bonahoom v. Staples, Inc.*,
No. 20-cv-1942, 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021) .............................................. 11

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) ............................................................................................... 8, 12

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
No. 12-cv-7782, 2013 WL 474509 (N.D. Ill. Feb. 7, 2013) ................................................... 13

*Cerretti v. Whole Foods Mkt. Grp., Inc.*,
No. 21-cv-5516, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022) ................................................... 4

*Chase v. Hobby Lobby Stores, Inc.*,
No. 17-cv-00881, 2017 WL 4358146 (S.D. Cal. Oct. 2, 2017) .............................................. 12

*Cohen v. Ameritech Corp.*,
No. 02-cv-7378, 2003 WL 23312801 (N.D. Ill. Dec. 23, 2003)....................................... 8

*Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*,
636 N.E.2d 503 (1994)...................................................................................................... 11

*Danone, US, LLC v. Chobani, LLC*,
362 F. Supp. 3d 109 (S.D.N.Y. 2019)................................................................................. 6

*Davis v. G.N. Mortg. Corp.*,
396 F.3d 869 (7th Cir. 2005) ......................................................................................... 2, 3

*Ezekiel v. Michel*,
66 F.3d 894 (7th Cir. 1995) ................................................................................................ 2

*Feather v. SSM Health Care*,
216 F. Supp. 3d 934 (S.D. Ill. 2016).................................................................................. 9

*Ferris Mfg. Corp. v. Carr*,
No. 14-cv-04663, 2015 WL 279355 (N.D. Ill. Jan. 21, 2015)........................................ 11

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
No. 19-cv-50122, 2021 WL 6049964 (N.D. Ill. Dec. 21, 2021)...................................... 12

*Geffner v. Coca-Cola Co.*,
928 F.3d 198 (2d Cir. 2019).............................................................................................. 3

*Gociman v. Loyola Univ. of Chicago*,
41 F.4th 873 (7th Cir. 2022) ........................................................................................... 12

*Godwin v. Rheem Mfg. Co.*,
15 F. Supp. 2d 1197 (M.D. Ala. 1998) .............................................................................. 9

*Griffin v. Medtronic, Inc.*,
No. 17-cv-927, 2017 WL 4417821 (N.D. Ill. Oct. 5, 2017) ........................................... 10

*Harris v. Kashi Sales, LLC*,
No. 21-cv-50376, 2022 WL 2390933 (N.D. Ill. July 1, 2022) .......................................... 6

*Hasek v. DaimlerChrysler Corp.*,
319 Ill. App. 3d 780 (2001) ............................................................................................... 9

*Hauger v. Dollar Gen. Corp.*,
No. 21-cv-01270, 2022 WL 2532487 (C.D. Ill. July 7, 2022)......................................... 11

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
155 F. Supp. 2d 1069 (S.D. Ind. 2001) ........................................................................... 10

*Johnston v. Kashi Sales, LLC*,
   No. 21-cv-00441, 2022 WL 4103973 (S.D. Ill. Sept. 8, 2022).................................................. 6

*Karlinski v. Costco Wholesale Corp.*,
   No. 21-cv-03813, 2022 WL 2867383 (N.D. Ill. July 21, 2022) ............................................. 10

*Kennedy v. Mondelez Glob. LLC*,
   No. 19-cv-302, 2020 WL 4006197 (E.D.N.Y. July 10, 2020)................................................. 7

*Kraft, Inc. v. FTC*,
   970 F.2d 311 (7th Cir. 1992) ................................................................................................. 4

*Le v. Kohls Dept. Stores, Inc.*,
   160 F. Supp. 3d 1096 (E.D. Wis. 2016)........................................................................... 12, 13

*Lemke v. Kraft Heinz Food Co.*,
   No. 21-cv-278, 2022 WL 1442922 (W.D. Wis. May 6, 2022)............................................... 6

*Manley v. Hain Celestial Grp., Inc.*,
   417 F. Supp. 3d 1114 (N.D. Ill. 2019) .................................................................................. 11

*McDonnell v. Nature's Way Prods., LLC*,
   No. 16-cv-5011, 2017 WL 1149336 (N.D. Ill. Mar. 28, 2017) ............................................. 8

*McKinnis v. Kellogg USA*,
   No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ........................................... 6

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
   91 Ill. 2d 69 (1982) .............................................................................................................. 11

*Muir v. NBTY, Inc.*,
   No. 15-cv-9835, 2016 WL 5234596 (N.D. Ill. Sept. 22, 2016).............................................. 13

*Payton v. Cnty. of Kane*,
   308 F.3d 673 (7th Cir. 2002) ................................................................................................. 8

*Phillips v. DePaul Univ.*,
   19 N.E.3d 1019 (Ill. App. Ct. 2014) ...................................................................................... 2

*Reinitz v. Kellogg Sales Co.*,
   No. 21-cv-1239, 2022 WL 1813891 (C.D. Ill. June 2, 2022) ................................................. 8

*Roberts v. City of Chicago*,
   817 F.3d 561 (7th Cir. 2016) ................................................................................................. 2

*Sabo v. Wellpet, LLC*,
   282 F. Supp. 3d 1040 (N.D. Ill. 2017) .................................................................................. 8

*Sarr v. BEF Foods*,
    No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ................................................. 7

*Shane v. Fla. Bottling, Inc.*,
    No. 17-cv-02197, 2017 WL 8240786 (C.D. Cal. Aug. 9, 2017) ............................................. 4

*Thompson v. Allstate Ins. Co.*,
    476 F.2d 746 (5th Cir. 1973) ................................................................................................. 9

*U. S. v. White*,
    879 F.2d 1509 (7th Cir. 1989) ............................................................................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................................... 8

*Weaver v. Champion Petfoods USA Inc.*,
    3 F.4th 927 (7th Cir. 2021) .................................................................................................... 6

*Werbel v. Pepsico, Inc.*,
    No. 09-cv-4456, 2010 WL 2673860, (N.D. Cal. July 2, 2010) ............................................. 6

*White v. Holland Furnace Co.*,
    31 F. Supp. 32 (S.D. Ohio 1939) .......................................................................................... 9

*Willard v. Tropicana Mfg. Co.*,
    577 F. Supp. 3d 814 (N.D. Ill. 2021) .................................................................................... 5

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ................................................................................................. 4

**Statutes**

810 ILCS 5/2-313(1)(a) ................................................................................................................. 10

810 ILCS 5/2-314(2) ..................................................................................................................... 10

810 ILCS 5/2-314(2)(a) ................................................................................................................. 10

810 ILCS 5/2-607(3)(a) ................................................................................................................... 9

815 ILCS 505/1 ............................................................................................................................... 1

**Rules**

Fed. R. Civ. P.  8(a)(2) ................................................................................................................... 9

Fed. R. Civ. P.  8(a)(3) ................................................................................................................. 12

Fed. R. Civ. P.  8(d)(2) ................................................................................................................. 12

Fed. R. Civ. P.  9(b) ..................................................................................................... 11

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 2

**Regulations**

21 C.F.R. § 117.5(g)(3)(viii) .......................................................................................... 4

21 C.F.R. § 131.155(a) ............................................................................................... 4, 5

## INTRODUCTION

Plaintiff Stacy Sumner ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by The Kroger Co. ("Defendant") to Dismiss the Complaint ("Compl."). ECF No. 1.

Plaintiff brings claims for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and the consumer protection laws of Alabama, Alaska, Idaho, Kansas, Mississippi, Nebraska, South Dakota, Tennessee, Texas, Utah, West Virginia, and Wyoming, Compl. ¶¶ 81-87, breaches of warranty, Compl. ¶¶ 88-103, and common law claims, Compl. ¶¶ 104-114, on behalf of consumers who purchased Defendant's coffee creamer that has been "ultra-pasteurized" under the Kroger brand (the "Product"). Compl. ¶ 1. Plaintiff seeks monetary and injunctive relief, expenses, and reasonable attorneys' fees. Compl. at 15, Prayer for Relief, ¶¶ 2-6.

Defendant argues that the Complaint should be dismissed because, among other reasons, she does not plausibly allege any incorrect information on the Product's label. ECF No. 13, Defendant's Motion to Dismiss ("Def. Mem.") at 22.[1] None of its arguments are a basis for dismissal and its Motion should be denied.

## FACTUAL BACKGROUND

Defendant sells "coffee whitener identified as a coffee creamer that has been 'ultra-pasteurized.'" Compl. ¶ 1. Coffee creams contain "no[] less than 18 percent but less than 30 percent milkfat" as opposed to coffee whiteners with no dairy components beyond "a *de minimis* amount of sodium caseinate." Compl. ¶¶ 9, 22. The label statement "coffee creamer, [which] is almost identical to 'coffee cream,'" misled consumers to expect the presence of "dairy cream." Compl. ¶ 26. Had Plaintiff known the Product "substitute[ed] water and (high oleic) soybean oil" for "cream

---

[1] In support of its Motion, Defendant submits the Declaration of Andrew Leff ("Leff Decl."), ECF No. 13-1, the Declaration of Mark Lugbill ("Lugbill Decl."), ECF No. 13-2.

and dairy ingredients," she "would not have bought the Product or would have paid less." Compl. ¶¶ 23-24, 36.

## LEGAL STANDARDS

To proceed beyond a motion made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim is plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) "does not countenance…dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556.

When deciding a challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

## ARGUMENT

## I.   PLAINTIFF'S EXPECTATIONS WERE REASONABLE

To demonstrate a "deceptive act or practice" under the ICFA, a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer." *Phillips v. DePaul Univ*., 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). The allegedly deceptive act "must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp*., 396 F.3d 869, 884 (7th Cir. 2005).

### A.   Surrounding Context Supports Expecting Dairy Ingredients

Defendant's assertion that Plaintiff's allegations are "predicated upon a purported meaning of [coffee creamer] [] that conflicts directly with [its] dictionary definition" overlooks "the totality of the information made available to [her]." Def. Mem. at 16 citing *Becerra v. Dr Pepper/Seven*

2

*Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) and *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 201 (2d Cir. 2019); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005).

This context included how "the front label of these [coffee whiteners] prominently disclosed they were not dairy products, through statements such as [] 'Non-Dairy [Coffee] Creamer,'" shown through the label of Defendant's Original version. Compl. ¶¶ 11-15; 28.



Unlike the plaintiffs in *Becerra* and *Geffner*, who expected that "diet" in the context of sodas was "a generic promise of weight-loss," "[c]offee cream [] is a specialized dairy product made for whitening coffee." Def. Mem. at 16 citing *Becerra*, 945 F.3d at 1229 and *Geffner*, 928 F.3d at 201; Compl. ¶ 9.

Plaintiff's factual allegations, that (1) cream is understood by consumers as a dairy ingredient made from "the part of milk that contains fat," (2) "Coffee Creamer" is substantially similar to "Coffee Cream" and (3) "[C]onsumers have long associated pasteurization with dairy,"

caused her to expect "dairy ingredients beyond a *de minimis* amount of sodium caseinate." Compl. ¶¶ 6-11, 19, 22.

Precisely because Plaintiff and consumers "[were not] aware of th[e] technical FDA definition" of "[c]offee cream" is why the "Product['s] substitut[ion] [of] water and (high oleic) soybean oil [for cream]" was deceptive, "without any 'Non-Dairy' statement" on the front label. Def. Mem. at 19 citing *Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21-cv-5516, 2022 WL 1062793, at *4 (N.D. Ill. Apr. 8, 2022); Compl. ¶ 4, 9 citing 21 C.F.R. § 131.155(a); Compl. ¶ 21.

While "[p]asteurization [may be] a common practice for dairy and non-dairy products alike," the Complaint's allegations that consumers "have long associated [it] with dairy [] because children grow up drinking milk, especially in small school cartons," is entitled to be "accepted as true." Def. Mem. at 16 n.4 citing 21 C.F.R. § 117.5(g)(3)(viii); Compl. ¶ 19.

Finally, "the Product's front label statements are [not] 'completely true'" because of the absence of any cream, but even if they were, "literally true statements can have misleading implications." Def. Mem. at 16 citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001); *Kraft, Inc. v. FTC*, 970 F.2d 311, 322 (7th Cir. 1992).

Indeed, other courts have decided that whether "[Plaintiff] would likely be deceived by the [Coffee Creamer] label[], notwithstanding the existence of the 'pasteurized' on the [front] label," is "is a question of fact not properly resolved at this stage of the litigation." *Shane v. Fla. Bottling, Inc.*, No. 17-cv-02197, 2017 WL 8240786, at *8 (C.D. Cal. Aug. 9, 2017) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)).

B.    Distinction Between "Cream" and "Creamer" Not Supported

Defendant's assertion that there could not have been deception because "Coffee Cream" lacked the letters "e" and "r" "is 'poppycock,' a distinction without a difference and one which defies both logic and the practical realities of [how consumers actually understand [D]efendant's

label[s]." Def. Mem. at 17 citing *Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 831 (N.D.

Ill. 2021); *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1274 (7th Cir. 1983) and *Bell*,

982 F.3d at 480; Compl. ¶¶ 21, 24.

First, while dairy products "contain[ing] not less than 18 percent but less than 30 percent

milkfat" are referred to as "[C]offee cream [or] called light cream," they are also marketed with

the similar term, "coffee creamer." Compl. ¶ 9 quoting 21 C.F.R. § 131.155(a).




Second, in a similar context where a company used a colloquial term to refer to a dressing

made without eggs, the FDA observed that the "use of the term 'mayo' … may be misleading to

consumers because it may lead them to believe that the product [was] the standardized food,

[mayonnaise]." FDA, Warning Letter to Hampton Creek Foods, Aug. 12, 2015.

To expect Plaintiff "to parse [cream from creamer] as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product []" is not something "the law expect[s] [] of the reasonable consumer." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 476-77 (7th Cir. 2020) citing *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019).

Plaintiff's "expect[ation] the Product contained cream, a dairy ingredient," was not the type of "unreasonable or fanciful interpretation" the Seventh Circuit held warranted dismissal, such as a belief "that the colorful rings and balls of cereal shown on 'Froot Loops' and 'Cap'n Crunch' boxes promised real fruit within." *Bell*, 982 F.3d at 477, 493 citing *Werbel v. Pepsico, Inc.*, No. 09-cv-4456, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (Cap'n Crunch) and *McKinnis v. Kellogg USA*, No. 07-cv-2611, 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (Froot Loops); Compl. ¶ 65.

Her allegations have more in common with a pair of cases about the amount and type of fruit filling than with the novel fruit of "Crunchberries." *See Johnston v. Kashi Sales, LLC*, No. 21-cv-00441, 2022 WL 4103973, at *7 (S.D. Ill. Sept. 8, 2022) (denying dismissal because "Ripe Strawberry" could plausibly refer to the cereal bar's ingredients) and *Harris v. Kashi Sales, LLC*, No. 21-cv-50376, 2022 WL 2390933, at *3 (N.D. Ill. July 1, 2022) (same, but for bar labeled as "Mixed Berry").

Defendant's contention that "references to ingredients used do not imply that ingredient is used exclusively" is incorrect for multiple reasons. Def. Mem. at 21 citing *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021) and *Lemke v. Kraft Heinz Food Co.*, No. 21-cv-278, 2022 WL 1442922, at *3 (W.D. Wis. May 6, 2022) .

First, this was an observation about conclusions reached by district courts not subject to *Bell*, instead of a principle with any general applicability. *Weaver*, 3 F.4th at 937 citing *Kennedy v. Mondelez Glob. LLC*, No. 19-cv-302, 2020 WL 4006197, at *4 (E.D.N.Y. July 10, 2020) (dismissing claims because front label references to graham flour and honey did not preclude other flour and sweeteners) and *Sarr v. BEF Foods*, No. 18-cv-6409, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020) (made with "real butter" did not mean other fats not used).

Second, it is inapplicable because unlike the pizza in *Lemke* containing some mozzarella cheese, "[this Product] did not contain [any] cream nor any dairy ingredients beyond a negligible amount of a milk derivative," let alone dairy ingredients "exclusively." Compl. ¶ 36.

## II.    PRICE PREMIUM ALLEGATIONS ESTABLISH ECONOMIC INJURY

Defendant's multiple arguments that Plaintiff "lacks standing to pursue her claims" are each deficient and unnecessary. Def. Mem. at 13. First, even accepting that "no Division 024 Illinois store sold any flavor of that Product for an average price of more than $2.65 per unit," her purchases were made "at locations such as [those in Division 24]," not necessarily only there. Def. Mem. at 13-14 citing Lugbill Decl. at ¶ 5 *compare with* Compl. ¶ 64. Second, she alleged a purchase "between May and June 2022, among other times," instead of only "[b]etween [those dates]." Def. Mem. at 13-14 citing Lugbill Decl. at ¶ 5 *compare with* Compl. ¶ 64.

Third, that "the price that [Plaintiff] would have paid for [] a dairy-containing product is materially higher than the price she actually paid" is beside the point, because "the price of the [Product] as represented was too much [] and that she would not have purchased it or would have paid less for it had she known it [did not] contain[ed] [dairy ingredients]." Def. Mem. at 13 citing Lugbill Decl. at ¶¶ 5-7; *see Biffar v. Pinnacle Foods Grp., LLC*, No. 16-cv-0873, 2016 WL 7429130, at *4 (S.D. Ill. Dec. 22, 2016) (similar allegations were "a plausible theory of damages" at pleading stage); *see also McDonnell v. Nature's Way Prods., LLC*, No. 16-cv-5011, 2017 WL

1149336, at *3 (N.D. Ill. Mar. 28, 2017) (affirming "'relatively bare-bones' allegations that [plaintiff] 'paid more for the products than they were actually worth'" were sufficient to show standing).

Fourth, in contrast to the fictitious pricing in *Camasta* where the plaintiffs "suffered no actual pecuniary loss," Plaintiff did not "g[e]t the benefit of [her] bargain," because she "believed and expected the Product contained cream, a dairy ingredient," even though it did not. Def. Mem. at 14 citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739-40 (7th Cir. 2014); *Sabo v. Wellpet, LLC*, 282 F. Supp. 3d 1040, 1041 (N.D. Ill. 2017); Compl. ¶ 65.

By alleging that "[t]he Product is sold at a premium price," and that she "paid more [] than she would have if she knew it did not contain cream nor any dairy ingredients beyond a negligible amount of a milk derivative," Plaintiff "has pled damages sufficiently under the ICFA." *Biffar*, 2016 WL 7429130, at *4; Compl. ¶¶ 36-37.

## III.   PLAINTIFF HAS STANDING TO PURSUE NON-ILLINOIS CLAIMS

### A.   Premature to Consider if Plaintiff Can Represent the Multi-State Class

Recognizing that whether Plaintiff can represent citizens outside of Illinois is "logically antecedent" to issues typically resolved on class certification, Defendant's assertion that she is not "part of the [Multi-State] class" is premature. Def. Mem. at 26-27 citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) and *Cohen v. Ameritech Corp.*, No. 02-cv-7378, 2003 WL 23312801, at *7 (N.D. Ill. Dec. 23, 2003); *Payton v. Cnty. of Kane*, 308 F.3d 673, 680 (7th Cir. 2002); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

### B.   Multi-State Class has Similar Preferences and Consumer Protection Statutes

As Plaintiff's ICFA claims are viable, so are her "claims alleged under the [other states'] statutes" as they also "prohibit unfair or deceptive practices." Def. Mem. at 26 citing *Reinitz v. Kellogg Sales Co.*, No. 21-cv-1239, 2022 WL 1813891, at *5 (C.D. Ill. June 2, 2022); *Feather v.*

*SSM Health Care*, 216 F. Supp. 3d 934, 941 n.4 (S.D. Ill. 2016) citing *U.S. v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989); Compl. ¶ 84.

There is no dispute that consumers beyond this State's borders shared Plaintiff's expectation that a product promoted as a "Coffee Creamer" that was "'Ultra-Pasteurized' [especially] without any 'Non-Dairy' statement" would have dairy ingredients. Compl. ¶¶ 17, 22.

That Rule 8 "adopted the words 'claim' or 'claim for relief' in place of the term 'cause of action'" in contrast to the ossified technicalities of the Field Code, allows her to invoke the State Consumer Fraud Acts, which are "similar to the [ICFA]." *White v. Holland Furnace Co.*, 31 F. Supp. 32, 34 (S.D. Ohio 1939) quoting Fed. R. Civ. P. 8(a)(2) *compare with* Field Code of 1848;[2] Compl. ¶ 84.

What matters is not whether Plaintiff "f[ound] just exactly the prescribed combination of words and phrases," but "the specified conduct of [the] [D]efendant upon which the [P]laintiff tries to enforce h[er] claim." *Godwin v. Rheem Mfg. Co.*, 15 F. Supp. 2d 1197, 1203 (M.D. Ala. 1998) quoting *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973).

## IV.  PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A.  Notice Provided in Accordance with Statute

While Defendant argues that "a buyer alleging breach of an express warranty must provide the [seller] with timely notice of the alleged breach before bringing suit," 810 ILCS 5/2-607(3)(a) makes no reference to the filing of any legal action. Def. Mem. at 24 citing *Hasek v. DaimlerChrysler Corp.*, 319 Ill. App. 3d 780, 793, (2001).

Plaintiff purchased the Product "between May and June 2022" and "within a reasonable time after [she] discover[ed]…[the] breach notif[ied] the seller," by filing this action on August

---

[2] The Field Code was intended to simplify pleading, and was successful for a time, until it became as arthritic as what it sought to replace.

21, 2022. Compl. ¶ 64; *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1110 (S.D. Ind. 2001) (finding notice sufficient through filing suit); 810 ILCS 5/2-607(3)(a)

B.   "Coffee Creamer" Promised Dairy Ingredients

Though "product descriptions on labels are not warranties," "Coffee Creamer" and "Ultra-Pasteurized" were "affirmation[s] of fact" "that the Product contained cream, a dairy ingredient," which it breached. Def. Mem. at 24 citing *Akers v. Costco Wholesale Corp.*, No. 21-cv-01098, 2022 WL 4585417, at *5 (S.D. Ill. Sept. 29, 2022); 810 ILCS 5/2-313(1)(a); Compl. ¶¶ 22, 91;

C.   Substituting Water and Soybean Oil Meant the Product was Not Merchantable

While Defendant argues that "Plaintiff does not allege that the Product was unfit for human consumption, so her [implied warranty] claim should be dismissed," there are other factors considered. Def. Mem. at 24-25 citing *Griffin v. Medtronic, Inc.*, No. 17-cv-927, 2017 WL 4417821, at *5 (N.D. Ill. Oct. 5, 2017); 810 ILCS 5/2-314(2) (listing six criteria).

The Product "was not fit to pass in the trade" as "Coffee Creamer" and "Ultra-Pasteurized" because it "substitute[d] water and (high oleic) soybean oil" "[i]n place of cream." 810 ILCS 5/2-314(2)(a); Compl. ¶ 23. Further, the Product also could not "pass without objection in the trade" as a "Coffee Creamer" and "Ultra-Pasteurized" because it "did not contain cream nor any dairy ingredients beyond a negligible amount of a milk derivative." 810 ILCS 5/2-314(2)(a); Compl. ¶ 36.

D.   MMWA Violation Established by Viable Warranty Claims

Contrary to Defendant's assertion that "Plaintiff's breach of warranty claims fail, [therefore] h[er] [Magnuson Moss Warranty Act ('MMWA')] claim fails as well," her plausible warranty allegations support the MMWA claim. Def. Mem. at 25 citing *Karlinski v. Costco Wholesale Corp.*, No. 21-cv-03813, 2022 WL 2867383, at *8 (N.D. Ill. July 21, 2022); *Bonahoom*

10

*v. Staples, Inc.*, No. 20-cv-1942, 2021 WL 1020986, at *8 (N.D. Ill. Mar. 17, 2021) (finding MMWA requirements similar to express and implied warranty claims).

## V.        COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A.        Special Relationship Supports Negligent Misrepresentation Claim

Defendant's reliance on the economic-loss rule, *viz.*, that "[Plaintiff] purports to be dissatisfied with [its] coffee creamer and wants money for her loss," is not enough to overcome her negligent misrepresentation claim. Def. Mem. at 18 citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 73(1982) and *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1120 (N.D. Ill. 2019).

Based on "Defendant's position" as "the largest grocer in the United States" with "special knowledge and experience," it had "a [non-delegable] duty," "outside of the contract" to provide non-deceptive information, that it breached. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (1994) citing *Moorman*, 91 Ill. 2d at 73; Compl. ¶¶ 50, 105.

### B.        The Complaint Exceeds the Particularity Requirements for Fraud

While Defendant argues that Plaintiff "must allege that [it] 'intentionally made a false statement of material fact, … for the purpose of inducing reliance thereon,'" Fed. R. Civ. P. 9(b) permits scienter to "be alleged generally." Def. Mem. at 19 citing *Hauger v. Dollar Gen. Corp.*, No. 21-cv-01270, 2022 WL 2532487, at *6 (C.D. Ill. July 7, 2022).

Plaintiff adequately alleged "the 'who, what, where, when, and how' of the alleged fraud, sufficient to satisfy the particularity requirements of Fed. R. Civ. P. 9(b)." *Ferris Mfg. Corp. v. Carr*, No. 14-cv-04663, 2015 WL 279355, at *6 (N.D. Ill. Jan. 21, 2015). The "who" was "The Kroger Co." Compl. ¶ 49. The "what" was its "coffee whitener identified as a coffee creamer." Compl. ¶ 1. The "where" and "when" was at "Defendant's store[s], "U.S. Hwy 45 N, Harrisburg

IL 62946, between May and June 2022." Compl. ¶ 64. The "how" was "lack[ing] cream and other dairy ingredients beyond a *de minimis* amount of sodium caseinate," even though "consumers expect[ed] dairy ingredients." Compl. ¶¶ 21-22.

Further, "the reliance element of [her] common law fraud claim [is] [] met" because the Product's front label was sufficient to inform consumers of the dairy content, which made "reviewing the back label … 'to ascertain the truth of the representations before' purchasing" unnecessary. Def. Mem. at 23 citing *Chase v. Hobby Lobby Stores, Inc.*, No. 17-cv-00881, 2017 WL 4358146, at 8 (S.D. Cal. Oct. 2, 2017).

      C.    <u>Unjust Enrichment May be Pled in Alternative</u>

While "unjust enrichment is only available when there is no adequate remedy at law," Fed. R. Civ. P. 8(d)(2) allows "[Plaintiff] [to] plead [her] claims in the alternative," and her "pleading is sufficient if any one of [them] is." Def. Mem. at 25 citing *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886-87 (7th Cir. 2022) (citing Fed. R. Civ. P. 8(a)(3) by which a "pleading must contain 'a demand for the relief sought, which may include relief in the alternative or different types of relief.'").

## VI.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

While Defendant argues that Plaintiff is now "aware of [its] sales practices" and therefore "is not likely to be harmed [] in the future," she is "unable to rely on the labeling and representations not only of this Product, but other similar products described as containing dairy ingredients, because she is unsure whether those representations are truthful." Def. Mem. at 26 citing *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 19-cv-50122, 2021 WL 6049964, at *3 (N.D. Ill. Dec. 21, 2021) and *Camasta*, 761 F.3d at 739-40; *Le v. Kohls Dept. Stores, Inc.*, 160 F. Supp. 3d 1096, 1109 (E.D. Wis. 2016); Compl. ¶ 72.

In contrast to the plaintiff in *Camasta*, who "had merely put forth the bare assertion that 'there [wa]s a substantial danger that these wrongful retail practices w[ould] continue,'" Plaintiff was unequivocal that Defendant continues to "substitute[] water and (high oleic) soybean oil" for dairy ingredients. *Le*, 160 F. Supp. 3d at 1111 citing *Camasta v. Jos. A. Bank Clothiers, Inc*., No. 12-cv-7782, 2013 WL 474509, at *11 (N.D. Ill. Feb. 7, 2013); Compl. ¶¶ 23, 80.

The result is that Plaintiff is unable to rely not only on this Product but other similar "coffee creamers," because she is unsure whether those representations are truthful, which "is enough to establish, at this stage [], that [she] has standing to seek injunctive relief." *Muir v. NBTY, Inc.*, No. 15-cv-9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file an Amended Complaint.

Dated:    February 22, 2023

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080

13

**Certificate of Service**

I certify that on February 22, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

 /s/ Spencer Sheehan